## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Judy Darlene Falls

v.

Roland Woodrow Adams
and Lewis Kelly Falls

March 31, 1976

Case No. 1761

By JUDGE WILLIAM W. SWEENEY

This case is before the Court on a motion to set aside the jury verdict rendered in favor of the defendant Roland Woodrow Adams. A non-suit was taken as to the other co-defendant who had filed no responsive pleadings and was in default on the day of trial. The facts are sufficiently set out in counsels' briefs and will not be restated.

The main question presented is whether the Court properly rejected evidence from the state trooper that the defendant, Adams, had previously pleaded guilty to a failure to yield right of way at his criminal trial arising out of this accident in the General District Court. When this issue arose, the Court declared a recess and, with counsel, studied the pertinent statute, Section 8-267.1 (1970) of the Virginia Code. During the recess, the Court mentioned the possibility of continuing the case in order that records from the General District Court could be produced but no such continuance was requested. Out of the presence of the jury, the officer testified, based on recollection and notes, that Adams had, in fact, pleaded guilty to the criminal charge. However, it is significant that there was some confusion in the officer's records in that some of his notes contained the phrase "tried - guilty." The defendant denied

any recollection of having pleaded guilty in the District Court. No court records of any kind were presented.

In *Fulcher v. Whitlow*, 208 Va. 34, 155 S.E.2d 362 (1967), and in the later case of *Bagley v. Weaver*, 211 Va. 779, 180 S.E.2d 686, (1971), the records of the Court in which the guilty plea was allegedly made were first offered into evidence. As plaintiff's counsel states on page three of his opening brief "It is apparent that the distinction in *Bagley* was that the *records* actually showed that a plea of guilty had been entered." In the *Fulcher* case the records were silent as to what plea was entered and the Supreme Court affirmed the trial judge's ruling that no further evidence as to the plea could be offered. Clearly, the result would have been different had Section 8-267.1 been there applicable. I agree with plaintiff's counsel that the statute was enacted, probably, to change the effect of the *Fulcher* holding *but only when the court records had been produced and inspected.* In the *Bagley* case the records showed that the defendant pled guilty and such evidence was held admissible on the basis of the records.

The General Assembly in 1970 enacted Code Section 8-267.1. That Section provides as follows:

> *When plea of guilty in criminal prosecution admissible in civil action; proof of such plea.*
>
> Whenever, in any civil action, it is contended that any party thereto pled guilty in a criminal prosecution which arose out of the same occurrence upon which the civil action is based, evidence of said plea *as shown by the records of the criminal court* shall be admissible; *and where the records of the court in which such prosecution was had are silent or ambiguous as to whether or not such plea was made,* the court hearing the civil case shall admit such evidence on the question of whether such plea was made or not as may be relevant, and the question of whether such plea was or was not made shall be a question of fact for the court or the jury trying the case to determine. (Italics supplied)

Legislatures may determine the admissibility of evidence in civil cases within their state. Where the

Legislature has acted, the courts should strictly construe such statutes and not read out of the statutes words which are there even if we think the law should be different.

Section 8-267.1 provides that evidence of guilty pleas in criminal cases may be shown in civil cases arising out of the same occurrence depending on the information contained in the records of the criminal court proceeding. If the records are silent or ambiguous as to whether the defendant pleaded guilty or was tried and found guilty, a jury issue is presented as to whether, in fact, such guilty plea was voluntarily made. However, it is clear that the statute requires the production of such records at the trial before the admissibility of the plea is determined. If this were not so, there would be no need for any reference to records in the statute. If evidence of a guilty plea was intended to be admissible simply as an admission as plaintiff claims, then the underlined words of the statute would be superfluous.

It was incumbent upon the plaintiff to produce the records of the General District Court at the trial of her civil case in accordance with the above statute. Interrogation of the state trooper prior to trial would have produced information as to the plea in sufficient time for the records to have been available. The facts of this case demonstrate the reason and logic of the statutory requirement that the court records be first produced. Suppose that the defendant, Adams, had not pleaded guilty in the District Court and that the trooper was mistaken or suppose that he had not personally and voluntarily entered such a plea. Under these circumstances if the Court had allowed the trooper's testimony at trial, there would have been no way for the defendant to rebut such testimony other than taking the stand and denying it without benefit of the records which would have supported his position. In effect, he would have been both surprised at trial and deprived of the best evidence as to the plea. Section 8-267.1 did not let all the bars down; it simply softened the holding in *Fulcher*. I cannot and will not read out of the statute the language concerning the court records which were as accessible to the plaintiff before trial as afterwards.

There is another reason why the records and not the trooper's recollection should be given priority. A plea of guilty is, at best, a qualified admission.

It involves a conclusion of law as well as a statement of fact. It is not the same thing as the admissible statement of a person walking up to a police officer at the scene of an accident and advising the officer that "he was at fault."

Plaintiff's counsel relies on a footnote in the case of *Bagley* v. *Weaver*, 211 Va. 779 at 781. As counsel for the defendant states in his brief, this footnote must be read in connection with the context in which it was used. In any event, the footnote is not a holding in the *Weaver* case and is not controlling in light of the specific wording of Code Section 8-267.1. The phrase "or by evidence" in the footnote may refer to other evidence allowable when the court records are ambiguous. Since criminal court records are the best evidence of whether a guilty plea was, in fact, rendered voluntarily and in person by the defendant (all requisites of admissibility) and considering the potential unfairness which might result to the parties as here when the records are not produced at trial, it is not an unreasonable burden to require, as the statute does, that a person offering evidence of a guilty plea produce at trial the records of the court in which the plea was made. If that had been done here no problem would have arisen. If plaintiff was not aware of this issue until the morning of trial, a continuance or non-suit could have been obtained.

Since the trial of this case on February 18, 1976, counsel for plaintiff has obtained a copy of the General District Court records, which records seem to show that a plea of guilty was in fact made. However, the records do not show whether such plea was made by the defendant in person. In any event, to be admissible, the plea must have been made in person and not through counsel.

The records from the General District Court from Isle of Wight County were presented after the fact without court order and are not evidence or even a part of the record in this case. The case is not being heard on after discovered evidence nor should it be decided on "Monday morning quarterbacking."

The next question raised was whether the case should have been submitted to the jury as to the defendant Adams on the question of damages alone. I ruled that there was sufficient evidence to submit the case to the jury on the question of liability and damages. While I do not have the benefit of a record at this stage, it is

my recollection that there was credible testimony that Lewis Kelly Falls, the driver of the other vehicle in which the plaintiff was riding, approached the intersection at a speed of 60-65 miles per hour in a 45 miles per hour zone. This was credible evidence which the jury could accept. Furthermore, even if the defendant Adams was guilty of failure to yield the right of way under the traffic conditions and circumstances then existing, there still remained the jury issue of whether such violation was a proximate cause of the accident. See *Waters v. Holloman*, 216 Va. 726, decided March 5, 1976, Record Number 750288.

The only other question raised was as to the correctness of Instruction C. Such instruction dealt with the duties of the co-defendant Lewis Kelly Falls as they related to Adam's duties. Instruction A-1 and Instruction C were related. I do not know whether objections to this instruction were properly made or waived. Under the evidence in this case, I find no prejudicial error in the granting of Instruction C. Each side's theory of the accident was presented to a jury which heard the evidence first hand, judged the credibility of the witnesses and adopted the defendant's theory. I may have decided differently but that's not important.

Incidentally, an annotation under Section 8-267.1 of the Virginia Code refers to a 1970 University of Richmond Law Review article at 5 U. Rich. L. Rev. 185. I have read this but it is nothing more than a copy of the statute under the heading of new legislation for that year and is therefore not helpful.

For the reasons stated, the jury's verdict is approved and the motion to set aside the verdict overruled.